NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAI CHEN, | : |
| Plaintiff, | : Civil Action No. 13-6579 (JAP) |
| v. | : **OPINION** |
| ENN SOLAR ENERGY COMPANY, LTD., and ENN GROUP NORTH AMERICA, INC. | : |
| Defendants. | : |

PISANO, District Judge.

Presently before the Court is Defendant, ENN Group North America, Inc., d/b/a ENN Group North America's ("ENN North America" or "Defendant") motion to dismiss for improper venue, or in the alternative, to transfer venue to the Northern District of California [docket #14]. Plaintiff, Lai Chen ("Plaintiff") opposes this motion [docket #19]. The Court decides this motion based on the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

For the reasons stated below, this Court GRANTS Defendant's motion to transfer venue [docket #14] and transfers this matter to the Northern District of California.

**I.     BACKGROUND**

Plaintiff's amended Complaint consists of nine (9) causes of action against Defendants relating to an employment agreement: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud/deceit; (4) misrepresentation; (5) negligent hiring; (6) negligent retention; (7) tortious interference with contractual relations; (8) violation of the New

Jersey Conscientious Employee Protection Act ("CEPA"); and (9) wrongful termination in violation of public policy. See amended Complaint ("Compl."). The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.

Defendant ENN Solar Energy Company, Ltd, d/b/a ENN Solar Energy is a corporation with its principal place of business operations located at No. 106, Huaxiang Road, Langfang in the Peoples Republic of China. Compl., ¶ 4. Defendant ENN North America is subsidiary of ENN Solar Energy and is a corporation with its principal place of business in San Jose, California. Compl., ¶ 5. The present dispute arises out of an employment agreement between Plaintiff and Defendants. Specifically, on or about May 8, 2011, Plaintiff and Defendants entered into an agreement whereby Plaintiff was appointed as Defendants' Finance Director for a period of five (5) years until May 9, 2016. Compl., ¶ 6. In August 2011, Plaintiff was appointed as interim Chief Financial Officer of ENN North America and commenced a six (6) month assignment to the United States, including a project in New Jersey. Compl., ¶ 7. In June 2012, Defendants closed its New Jersey office and relocated all of its employees to San Jose, California. Compl, ¶ 10.

Plaintiff alleges that, because Defendants did not relocate families of employees, Defendants had a draft travel and telework policy in effect whereby an employee was allowed to travel home at the company's expense every three (3) weeks and work from home for a week. Compl, ¶ 10. In October, 2012, Plaintiff was preparing to travel to Ashburn, Virginia for his monthly trip home to visit his family and work remotely, and was instructed via e-mail from Mr. Zhou, Defendants Chief Executive Officer, that he must only depart after 5:00 p.m. on Friday and must immediately return to the office on the following Monday at 8:00 a.m. Compl., ¶¶ 11, 13. Plaintiff asked Mr. Zhou why he was the only employee that was required to comply with this new policy and he was told that he can either resign, return to ENN's offices in China, or follow the

travel policy. Compl., ¶ 13. Sometime thereafter, Plaintiff was advised that he was being sent back to work in China, and then on October 18, 2012, Mr. Zhou informed Plaintiff via e-mail that he was being terminated from the company altogether. Compl., ¶ 16.

Prior to Plaintiff's termination, on September 10, 2012, Plaintiff sent an e-mail to Mr. Zhou where he advised that he had learned of ENN North America's violations of U.S. tax codes and regulations regarding the nonpayment of payroll taxes. Compl., ¶ 12. Plaintiff warned Mr. Zhou of the potential criminal liability and penalties to Defendants and all individuals involved, and also informed Mr. Zhou that the accounting firm for ENN North America was mishandling the corporate tax filings, and recommended changes to the selection and approval process of business vendors. Compl., ¶ 12. Plaintiff alleges that Defendants retaliated against him by terminating him because he reported this alleged illegal conduct, which also resulted in a breach of his employment agreement.

## II. DISCUSSION

### a. Legal Standard

Under 28 U.S.C. § 1391, where jurisdiction is based on diversity of citizenship, a plaintiff may bring a case in:

> a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,* or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(emphasis supplied). Here, Plaintiff's Complaint alleges that jurisdiction in New Jersey exists because a substantial part of the events or omissions giving rise to this action allegedly occurred here. Compl., ¶ 2. In *Cottman Transmission Systems, Inc. v. Martino*, the Third Circuit held that,

in determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, "[t]he test ... is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim." 36 F.3d 291, 294 (3d Cir.1994).  In addition, the Court explained that "[i]n assessing whether events or omissions giving rise to the [plaintiff's] claims are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295.  Moreover, the venue provision "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial," *id.* at 294, and that "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute," *id.*; see *Leroy v. Great W. United Corp.,* 443 U.S. 173, 183–84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979) (noting that the purpose of the venue provision is "to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial").  "[A] motion to dismiss for improper venue is not an attack on jurisdiction but only an affirmative dilatory defense," *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982), and therefore, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964).  "The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum." *Santi v. Nat'l Bus. Records Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010) (citing *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995)). "The Court has broad discretion in making determinations under Section

1404(a), and convenience and fairness are considered on a case-by-case basis." *Id*. (citing *Commodity Futures Trading Comm'n v. Perkins,* No. 06–4674, 2007 WL 2122029, at *3 (D.N.J. July 18, 2007)).

"Section 1404 requires a two-pronged analysis. The threshold inquiry is whether the proposed forum is one in which Plaintiff could have originally brought suit." *Id*. Second, and in addition to considering the convenience and fairness elements, the Court considers other relevant public and private interests factors:

> The private interest factors incorporate the preferences of the parties in the context of the litigation, and include (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses-only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose. The second category analyzes the public interest including (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.

*Id.* at 607 (quoting *Mendoza v. U.S. Custom & Border Protection,* No. 05–6017, 2007 WL 842011, at *3 (D.N.J. March 19, 2007)).

**b.    Analysis**

Here, Plaintiff filed his Complaint in New Jersey alleging that a substantial part of the events giving rise to this action occurred here because at some point during Plaintiff's employment with Defendant, he worked in the New Jersey office. However, the action is based on operative facts that bear little relation to New Jersey. Specifically, Defendants' New Jersey location was closed in June, 2012, which is three (3) months prior to when Plaintiff informed Mr. Zhou of the alleged illegal practices, and four (4) months prior to Plaintiff's termination. Stated differently, Plaintiff's entire amended Complaint is premised on his protected conduct and retaliation or breach

of contract in response thereto, all of which occurred when Defendant no longer operated in New Jersey and Plaintiff had been relocated to California. While New Jersey has somewhat of a tie to the action given the parties history, it certainly cannot be said that the connection is "substantial" as required by 28 U.S.C. § 1391.

The Court notes, however, that "'Plaintiffs' choice of forum is a paramount consideration that should not lightly be disturbed.'" *Santi*, 722 F. Supp. 2d at 607 (quoting *Clark v. Burger King Corp.,* 255 F.Supp.2d 334, 338 (D.N.J.2003) (citation omitted)). "However, courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Id.* (citing *See e.g., NCR Credit Corp. v. Ye Seekers Horizon, Inc.,* 17 F.Supp.2d 317, 321 (D.N.J.1998); *Ricoh Co., Ltd. v. Honeywell, Inc.,* 817 F.Supp. 473, 481–82 (D.N.J.1993)). As stated above, when Plaintiff's whistleblowing and termination occurred, he was working at Defendants' location in California or remotely from his home in Virginia. As such, the Court is satisfied that the dispute at the heart of this lawsuit is not in New Jersey. While Defendants seek dismissal of the matter on this basis, "[t]he decision whether a transfer or dismissal is in the interest of justice . . . rests within the sound discretion of the district court . . . [and] [t]he Court may transfer the instant case to another district in lieu of dismissal in the interest of justice, 'however wrong the plaintiff may have been in filing his case as to venue, [and] whether the court in which it was filed had personal jurisdiction over the defendants or not.'" *J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc.*, No. CIV.A. 10-3496 SDW, 2011 WL 463051, at *5 (D.N.J. Feb. 3, 2011) (citing *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 789 (D.C.Cir.1983); (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S. Ct. 913, 915, 8 L. Ed. 2d 39 (1962) (additional citation omitted)).

Thus, while Defendants may be subject to personal jurisdiction in New Jersey, this action should have originally been brought in the Northern District of California. Indeed, Defendant ENN North America maintains its principal place of business in California, Plaintiff was working out of Defendants' San Jose office, and the New Jersey office was no longer in operation. None of the alleged exercises of legal rights by Plaintiff or retaliatory conduct occurred in New Jersey, and none of the witnesses, documents, or other evidence is located in New Jersey. It is clear that a substantial part of the events giving rise to the claims at issue occurred in California, not New Jersey.

Moreover, in considering the remaining factors, the interests of justice also favor transferring this matter. Indeed, the sources of proof relevant to the claims in this action, such as Defendants' employees, policies, procedures, communications, computer databases, and corporate books and records are all located in California. Witnesses with knowledge related to Plaintiff's activities are also primarily in California. As for public factors including practical considerations, transfer is appropriate given that the cost of attendance for witnesses would be significantly less if the action was transferred, and would aid significantly in discovery, as compulsory process to secure attendance of witnesses for depositions or otherwise exists in California but not in this Court. See *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473 (D.N.J. 1993) (where convenience of available districts concerning witnesses and documentary evidence of parties weighed in favor of venue transfer from state in which plaintiff's subsidiary was located to state in which defendant was located, where all relevant witnesses resided either in transferee state or third state that was closer to transferee state than to state in which plaintiff's subsidiary was located, all relevant documentary evidence was located in transferee state, and no documents or witnesses were located in state in which plaintiff's subsidiary was located). "Where venue transfer would aid the movant

and not disadvantage the opponent, transfer is appropriate." *Id*. at 485 (citation omitted).  Neither Plaintiff nor Defendants reside in New Jersey and the Court sees no disadvantage to Plaintiff by requiring him to travel to California to litigate his claims as opposed to traveling to New Jersey; however, transferring the action to California would aid Defendant given that a majority of its U.S. employees are located there and its principal place of business is in San Jose.  *Id*. at 485 (granting motion to transfer based, in part, on the fact that only one party to the litigation would have to travel as opposed to both parties being inconvenienced by travel).  As such, the public and private interests in this action also weigh in favor of transfer to California.

### III.     CONCLUSION

For the foregoing reasons, this Court GRANTS Defendant's motion to transfer venue [docket #14] and transfers this matter to the Northern District of California.  An appropriate Order accompanies this Opinion.


Dated: November 20, 2014                                    /s/ Joel A. Pisano
                                                            JOEL A. PISANO, U.S.D.J.